UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION<br>400 Maryland Avenue, S.W.<br>Washington, D.C. 20202,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 1:22-cv-01404 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the U.S. Department of Education under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of

1

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5). Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant U.S. Department of Education ("Education" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On September 13, 2021, PPT initially submitted a FOIA request (attached as Exhibit A) to the Department seeking the following records:

> All records and communications, documents, and other records from January 20, 2021 through the date this request is processed, between any political appointees of the Biden Administration and any employee or representative of the following organizations: the National Education Association (NEA), the American Federation of Teachers (AFT), AASA the School Superintendent's Association, AFL-CIO, Center for American Progress, Pew Charitable Trusts, Tusk Philanthropies, Education Trust, New America, UnidosUS, Southern Poverty Law Center, Lambda Legal, Alliance for Excellent Education, Abolitionist Teaching Network, Learning Policy Institute, Student Borrower Protection Center, National Consumer Law Center, Know Your IX, Boston University, Harvard University, Harvard Law School, and any state or local affiliate of the included organizations. This request specifically includes all logs of Microsoft Teams meetings where a political appointee and a representative from one of these organizations was invited to or attended the meeting. Political appointees that can be prioritized for a search include:
>
> - Miguel Cardona
> - Shiela Nix
> - Katy Neas
> - Toby Merrill

- Hayley Matz Meadvin
- Chris Soto
- Antoinette Flores
- Abel McDaniels
- Donna Harris-Aiken
- Christian Rhodes
- Aaliyah Samuel
- Montserrat Garibay
- Monique Dixon
- Juliana Herman
- Scott Sargrad
- Maggie Murphy
- Jordan Matsudaira
- Alice Abrokwa
- Elizabeth Baer
- Miriam Calderon
- Cristina Flores
- Rachel Hegarty
- Kevin Lima
- Gypsy Moore
- Rich Williams
- Ben Miller
- Suzanne Goldberg
- Ben Halle

7. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they will help the public understand which special interest groups political appointees at the Department are

meeting with, what subjects they are discussing, and whether appointees are acting consistent with their ethical obligations under both Federal law and regulation and the Biden Administration Ethics Pledge with respect to contact with former employers.

9. The Department asked Plaintiff to supplement Plaintiff's request with a list of domain names.

10. On November 12, 2021, Plaintiff wrote to the Department "reaching out to confirm" that the Department had received a list of domain names and inquire about the status of Plaintiff's request.

11. On November 19, 2021, the Department responded, asserting that it had not received Plaintiff's list of domain names and that it "admin closed" Plaintiff's request. The Department further stated "[i]f you send me the list I will make sure your request is reopened and sent to the appropriate offices."

12. Shortly thereafter that same day, Plaintiff provided a list of domain names.

13. Also on November 19, 2021, the Department responded "[w]e are unable to reopen this request. Therefore, we are opening a new request for you."

14. On November 22, 2021, the Department sent an acknowledgement email to the Plaintiff assigning Plaintiff's request a new tracking number, "22-01055-F." The Department sent a second email shortly thereafter updating the status of Plaintiff's request to "In Process."

15. On December 9, 2021, the Department notified Plaintiff that the Department was granting Plaintiff's request for a fee waiver.

16. On December 20, 2021, Plaintiff reached out to the Department regarding the status of its request.

17. The Department responded on December 22, 2022, indicating the Plaintiff's response was "pending," stating that "[t]he program office assigned to search for records responsive to your request is still conducting its search," and advising that "The Department processes FOIA requests in a 'fi[r]st-in/first-out' basis, and your request has been sent to multiple offices, therefore, it will be several months before its completed."

18. Plaintiff reached out again regarding the status of its request, as well as another FOIA request number, on December 30, 2021.

19. On December 30, 2021, the Department responded that the request was still "pending," and, in a second email, stated "I'll look into these two cases to see if we are able to provide a date certain for when you can expect to receive information."

20. The Department has not provided a date certain for when Plaintiff can expect to receive information.

21. Plaintiff reached out again to the Department on April 22, 2022. It has not received a response to this inquiry.

22. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

23. At this time, it has been more than 175 days since the Department reclassified Plaintiff's request as a new request, thus Plaintiff's request has been pending well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

24. At this time, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). While the Department has indicated that it has begun

conducting a search for responsive records, it has not indicated that is processing those records, has not produced responsive documents to the Plaintiff, has not communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, and has not informed Plaintiff of its ability to appeal any adverse portion of its determination.

25. Given these facts, it appears that absent litigation the Department has not and does not intend to meet its statutory obligations to provide the requested records.

26. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

27. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

28. PPT properly requested records within the possession, custody, and control of the Department.

29. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

30. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

31. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

32. The Department's failure to provide all non-exempt responsive records violates FOIA.

33. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Department complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: May 19, 2022	Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, Virginia 22314
Telephone: 703-965-0330
Facsimile: 415-520-6593
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*